**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**DEAVINA EWERT,**

      Plaintiff,

  vs.                                    **Civil Action 2:09-CV-131**
                                          **Judge Smith**
                                          **Magistrate Judge King**

**HOLZER CLINIC, INC.,** *et al.***,**

      Defendants.

**OPINION AND ORDER**

      This is a diversity action in which plaintiff, the administrator of the Estate of Dealena C. Bell ("the decedent"), asserts survivorship and wrongful death claims, alleging that the defendants' medical malpractice proximately caused the decedent's death. Defendants are Holzer Clinic, Inc. ("Holzer Clinic"), Holzer Medical System, Inc. ("HMC"),[1] and Renuka Kandula, M.D.  This matter is now before the Court on the motions of Holzer Clinic and Dr. Kandula for additional time to identify expert witnesses. *Motion of Defendants, Renuka Kandula, M.D. and Holzer Clinic Inc. for Additional Time to Identify Additional Expert Witnesses and Submit Expert Witness Opinion Letters to Opposing Party*, Doc. No. 37 ("*First Motion for Extension*"), and *Motion of Defendants, Renuka Kandula, M.D. and Holzer Clinic Inc. for Additional Time to Identify Expert Witnesses*, Doc. No. 52 ("*Second Motion for Extension*").  For the reasons set forth below, these motions are **GRANTED in part**.

      On April 16, 2009, the Court held a preliminary pretrial

---

[1] This defendant was incorrectly identified in the *Complaint*, Doc. No. 2. *See Answer of Defendant Holzer Medical Center, Inc.*, Doc. No. 3.

conference with the parties and ordered that disclosures relating to primary experts must be made by June 15, 2009, and that responsive expert disclosures were due by September 15, 2009.  *Preliminary Pretrial Order*, Doc. No. 7.  The Court later granted the defendants' joint motion for an extension of time to disclose their experts, which was unopposed by plaintiff.  *Order*, Doc. No. 17.  The Court ordered that these expert disclosures be made by October 30, 2009.  *Id*.

After this deadline had passed, Dr. Kandula and Holzer Clinic (collectively, "the moving defendants") filed a motion requesting an additional 90 days to identify experts and provide opinion reports.  *First Motion for Extension*.  Plaintiff opposes this request.  *Plaintiff's Memorandum in Opposition to Motion of Defendants' Renuka Kandula, M.D. and Holzer Clinic, Inc. for Additional Time to Identify Expert Witnesses and to Submit Expert Opinion Letters to Opposing Party*, Doc. No. 39.

Thereafter, the moving defendants obtained new counsel who again requested an extension of time to identify expert witnesses.  *Notice of Substitution of Counsel on Behalf of Defendants, Renuka Kandula, M.D. and Holzer Clinic Inc.*, Doc. No. 47; *Second Motion for Extension*.  Plaintiff again filed an opposition to this request.  *Plaintiff's Memorandum in Opposition to Motion of Defendants' Renuka Kandula, M.D. and Holzer Clinic, Inc. for Additional Time to Identify Expert Witnesses*, Doc. No. 57.  With the filing of the moving defendants' reply memorandum, Doc. No. 58, this matter is now ripe for resolution.

The moving defendants seek an extension of a date established in a pretrial order.  Rule 16 of the Federal Rules of Civil Procedure permits modification of a scheduling order "only for good cause and

with the judge's consent." Rule 16(b)(4). A court considering a request to modify the schedule may do so only "'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)(citing Fed. R. Civ. P. 16, 1983 Advisory Committee Notes). "Another important consideration for a district court deciding whether Rule 16's 'good cause' standard is met is whether the opposing party will suffer prejudice by virtue of the amendment." *Id*. (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).

The moving defendants represent that their ability to timely disclose expert witnesses was hampered by their inability to obtain a complete set of medical records.[2] Plaintiff disagrees, arguing, *inter alia*, that the moving defendants had access to the complete medical records for months and that they waited until after the disclosure deadline before seeking an extension.

Although the Court agrees that the moving defendants should have requested an extension prior to the disclosure deadline, the Court nevertheless concludes that good cause exists for granting the requested extension to identify expert witnesses. As noted *supra*, the defendants arguably did not have access to a complete set of medical records until after December 1, 2009. *Opinion and Order*, Doc. No. 31. No final pretrial conference or trial date has been set. Moreover, the Court recently granted plaintiff's request to extend the discovery

---

[2] All three of the defendants, believing that they did not have access to all records relating to decedent's medical care, previously filed a motion to compel plaintiff to execute medical releases that would authorize disclosure to defense counsel directly from the decedent's medical providers. Doc. No. 10. On December 1, 2009, the Court granted defendants' motion, directing plaintiff to execute these medical releases. *Opinion and Order*, Doc. No. 31.

deadline in this case.  *Opinion and Order*, Doc. No. 70.  The current discovery completion date is August 20, 2010.  *Id.* Finally, the Court notes that the moving defendants have now served an expert report.  *Defendants Reunka Kandula, M.D. and Holzer Clinic, Inc.'s Notice of Submission of Expert Witness Report*, Doc. No. 71.  Under these circumstances, plaintiff will not suffer prejudice if this Court extends the expert deadline to coincide with the new discovery deadline recently established by the Court.

**WHEREUPON**, *Motion of Defendants, Renuka Kandula, M.D. and Holzer Clinic Inc. for Additional Time to Identify Additional Expert Witnesses and Submit Expert Witness Opinion Letters to Opposing Party*, Doc. No. 37, and *Motion of Defendants, Renuka Kandula, M.D. and Holzer Clinic Inc. for Additional Time to Identify Expert Witnesses*, Doc. No. 52, are **GRANTED in part**.  Defendants Holzer Clinic, Inc. and Renuka Kandula, M.D. may have until July 5, 2010, in which to serve any additional expert reports.  All expert discovery must be completed by August 20, 2010.


June 18, 2010                                         s/Norah McCann King
                                                    Norah McCann King
                                              United States Magistrate Judge