IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DEAVINA EWERT,**

       Plaintiff,

  vs.                              Civil Action 2:09-CV-131
                                   Judge Smith
                                   Magistrate Judge King

**HOLZER CLINIC, INC.,** *et al.***,**

       Defendants.

**OPINION AND ORDER**

This is a diversity action in which plaintiff, the administrator of the Estate of Dealena C. Bell ("the decedent"), asserts survivorship and wrongful death claims, alleging that the defendants' medical malpractice proximately caused the decedent's death. Defendants are Holzer Clinic, Inc. ("Holzer Clinic"), Holzer Medical System, Inc. ("HMC"),[1] and Renuka Kandula, M.D. This matter is now before the Court on the *Motion of Defendants, Renuka Kandula, M.D. and Holzer Clinic Inc. for an Extension of Time to Identify Additional Expert Witnesses*, Doc. No. 74 ("*Motion for Extension*"). For the reasons that follow, the *Motion for Extension* is **DENIED**.

**I.**    **BACKGROUND**

This case was filed on February 23, 2009. *Complaint*, Doc. No. 2. On April 16, 2009, the Court held a preliminary pretrial conference with the parties and ordered that disclosures relating to primary experts be made by June 15, 2009, and that responsive expert disclosures be made by September 15, 2009; all discovery was to have

---

[1] This defendant was incorrectly identified in the *Complaint*, Doc. No. 2. *See Answer of Defendant Holzer Medical Center, Inc.*, Doc. No. 3.

been completed by March 15, 2010. *Preliminary Pretrial Order*, Doc. No. 7. After discovery commenced, a dispute arose regarding the production of decedent's medical records. Doc. Nos. 8, 10. On December 1, 2009, the Court directed plaintiff to execute medical releases authorizing disclosure of such document directly to defense counsel from her medical providers. *Opinion and Order*, Doc. No. 31.

The Court later granted defendants' joint motion for an extension of time to disclose their experts, which was unopposed by plaintiff. *Order*, Doc. No. 17. The Court ordered that these expert disclosures be made by October 30, 2009. *Id*.

Plaintiff subsequently filed motions to compel complete responses to her discovery requests and to extend the discovery completion deadline. Doc. Nos. 23, 49. Dr. Kandula and the Holzer Clinic failed to respond to plaintiff's motions. The Court granted plaintiff's motions in part, ordering all defendants[2] to respond to various discovery requests and extending the discovery period to August 20, 2010. *Opinion and Order*, Doc. No. 70.

On December 16, 2009, *i.e.,* after the deadline for disclosing experts had passed, Dr. Kandula and Holzer Clinic (collectively, "the moving defendants") filed a motion requesting an additional 90 days to identify experts and provide opinion reports. Doc. No. 37. Thereafter, the moving defendants obtained new counsel who again requested an extension of time to identify expert witnesses. Doc. Nos. 47, 52. Over plaintiff's objection, the Court granted the moving

---

[2]Because of former counsel's failure to file a response on their behalf, the Court granted the motion to compel in its entirety against Dr. Kandula and Holzer Clinic. *Opinion and Order*, Doc. No. 70, pp. 4-5.

defendants until July 5, 2010, in which to serve any additional expert reports and ordered that all expert discovery be completed by August 20, 2010. *Opinion and Order*, Doc. No. 72.

Although the moving defendants submitted the expert reports of Michael E. Yaffe, M.D., and Christopher Valentine, M.D., Doc. Nos. 71 and 73,[3] the moving defendants now seek yet another extension of time to identify additional expert witnesses. *Motion for Extension*. Specifically, the moving defendants request an extension until August 19, 2010 to identify any such witnesses.[4] *Id.* Plaintiff strenuously opposes the requested extension. *Plaintiff's Response to Motion of Defendant, Renuka Kandula, M.D. and Holzer Clinic, Inc. for an Extension of Time to Identify Additional Expert Witnesses*, Doc. No. 76 ("*Memo. Contra*").[5] With the filing of the moving defendants' reply, *Defendants' Reply Memorandum to Plaintiff's Response to Request for Extension of Time to Identify Additional Expert Witnesses*, Doc. No. 77 ("*Reply*"), this matter is now ripe for resolution.

## II. STANDARD

The moving defendants seek an extension of a date established in a pretrial order. Rule 16 of the Federal Rules of Civil Procedure permits modification of a scheduling order "only for good cause and with the judge's consent." Rule 16(b)(4). A court considering a

---

[3]Dr. Yaffe is an internist at Riverside Methodist Hospital in Columbus, Ohio, and Dr. Valentine is a nephrologist and internist at The Ohio State University. *Motion for Extension*, p. 1.

[4]The third defendant, HMC, timely disclosed its expert in compliance with the prior expert deadline of October 30, 2009. Doc. No. 15.

[5]The Court ordered expedited briefing on the *Motion for Extension*. *Order*, Doc. No. 75.

request to modify the schedule may do so only "'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)(citing Fed. R. Civ. P. 16, 1983 Advisory Committee Notes). "Another important consideration for a district court deciding whether Rule 16's 'good cause' standard is met is whether the opposing party will suffer prejudice by virtue of the amendment."  *Id*. (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).

**III.  ANALYSIS**

The moving defendants represent that the requested extension of time is necessary to permit them to (1) identify an expert witness to respond to "issues [that] may be discovered" during the deposition of plaintiff's expert, Dr. David Goldstein, currently scheduled for July 19, 2010; and (2) possibly identify an expert to testify as to radiology film that was produced on or about June 26, 2010.  *Motion for Extension*, pp. 1-3.

Plaintiff vehemently opposes the moving defendants' request, arguing that the request is not made in good faith and that granting the extension would prejudice plaintiff.  *Memo. Contra*.  First, plaintiff contends that the moving defendants, through Dr. Kandula, has known of the existence of the radiology film ("the film") from St. Mary's Medical Center ("SMMC") since the inception of the litigation. *Id*. at 3-5 (quoting excerpt from *Deposition of Renuka Kandula, M.D.*, attached thereto as Exhibit A; *Declaration of Leonard F. Lybarger* ¶¶

4

3-6, attached thereto as Exhibit B ("*Lybarger Decl.*")).[6]  Plaintiff's counsel represents – a representation disputed by new counsel for the moving defendants – that the moving defendants first requested a copy of the film on April 12, 2010.  *Lybarger Decl.* ¶¶ 3-6; *Memo. Contra*, p. 6; *Reply*.

Second, plaintiff represents that she provided copies of the report of her expert, Dr. Goldstein, before this case was filed and again on June 23, 2009.  *Memo. Contra*, p. 5.  Plaintiff contends that the moving defendants' speculation about Dr. Goldstein's anticipated deposition testimony is not an acceptable basis for extending the expert deadline.  *Id*. at 5-6.

Plaintiff argues that the grant of the requested extension would prejudice her because it would require plaintiff to re-take the depositions of plaintiff's treating physicians regarding the opinions of these yet-to-be-identified experts, which would also require an extension beyond the date the moving defendants seek.  *Id*. at 1, 6-8.  This Court agrees.

The moving defendants' proffered reasons for requesting an extension of time is not supported by good cause.  First, although the parties disagree as to when the moving defendants first requested the MRI film, it is undisputed that the moving defendants have had access to executed medical releases since the Court ordered their production on December 1, 2010.  Therefore, even if plaintiff had a discovery obligation to produce the film pursuant to a request, nothing

---

[6]In so arguing, plaintiff further asserts that "[t]he docket reflects multiple orders which defendants have ignored. The Court has allowed defendant's [sic] to disregard its orders with no consequences." *Memo. Contra*, p. 4.  This Court disagrees with plaintiff's characterization.

prevented the moving defendants from either filing a motion to compel or obtaining a copy directly from SMMC.  Their unexplained delay fails to demonstrate the diligence necessary to establish good cause.  In so finding, the Court recognizes that current counsel for the moving defendants entered this case relatively recently.  Doc. No. 47.  However, that fact alone will not serve to permit current counsel to a wholesale re-structuring of the litigation.  As discussed *infra*, extending the expert deadline for the moving defendants will not simply provide the moving defendants with the opportunity to disclose an expert to testify as to the film, it will also unnecessarily delay this litigation to the prejudice of plaintiffs.

Second, speculation over Dr. Goldstein's upcoming deposition testimony likewise fails to establish good cause for an extension of the current expert deadline.  The moving defendants admit that they have Dr. Goldstein's report and are therefore already in possession of his expert opinions.  If Dr. Goldstein testifies beyond the matters contained in this report, such testimony may later be the subject of a motion *in limine*; such a change does not justify an extension of the expert deadline.  Moreover, permitting the moving defendants to identify another expert at this late stage would likely require plaintiff to re-depose the treating physicians and require an extension of time beyond that currently requested to accommodate this additional discovery.  Finally, the Court has already twice extended the expert deadline at the moving defendants' request.  *Order*, Doc. No. 17; *Opinion and Order*, Doc. No. 72.  Under these circumstances, granting the latest requested extension would be prejudicial to plaintiff and is unwarranted.

**WHEREUPON**, the *Motion of Defendants, Renuka Kandula, M.D. and Holzer Clinic Inc. for an Extension of Time to Identify Additional Expert Witnesses*, Doc. No. 74, is **DENIED**.


July 19, 2010                              *s/Norah McCann King*
                                          Norah M<sup>c</sup>Cann King
                                     United States Magistrate Judge